UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMPUWARE CORPORATION,

    Plaintiffs,

v.

AFFILIATED COMPUTER SERVICES, INC.,

    Defendant.

                                      /

Case No. 12-10431

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING IN PART AND GRANTING IN PART
DEFENDANT'S MOTION TO DISMISS**

This matter comes before the Court on Defendant Affiliated Computer Services, Inc.'s Motion to Dismiss [7]. For the reasons set forth below, Defendant's motion is DENIED in part and GRANTED in part.

**I.    Facts**

Plaintiff Compuware Corporation and Defendant entered into an Enterprise License Agreement ("ELA"), allowing Defendant to use Plaintiff's software in connection with providing data processing services to Defendant's customers. (Compl. ¶ 10.) Plaintiff and Defendant have continuously done business under the ELA since entering into it on June 30, 1999. (*Id.* at ¶ 11.) On March 31, 2009, Plaintiff and Defendant entered into an addendum to the ELA. (*Id.* at ¶ 13.)

1

On March 31, 2009, the same day, Plaintiff and Defendant also entered into a Reseller Agreement, which appointed Defendant as a nonexclusive marketing representative for the sale of Plaintiff's software in North America. (Compl. ¶ 14.) Article 2, Section 2.4 of the Reseller Agreement is a non-competition provision, which states:

> Except to the extent prohibited by applicable law, during the term of this Agreement and for twenty-four (24) months after its termination or expiration, [Defendant] and its directors, officers and managers will not promote, represent, distribute, install, maintain, support or otherwise market or service computer software that competes with or perform functions similar to [Plaintiff's] Software.

(*Id.* at ¶ 16; Compl. Ex. A.) The Reseller Agreement remains in effect and has not been terminated by either party. (Compl. ¶ 15.) Plaintiff alleges that Defendant performed the prohibited actions in favor of software products developed by CA Technologies, a direct competitor of Plaintiff. (*Id.* at ¶ 20.)

Plaintiff alleges that Defendant breached the Reseller Agreement and engaged in unfair competition under Michigan law. Plaintiff seeks relief from this Court in the form of monetary damages and a permanent injunction.

## II.  Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

"[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 1950 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

*Id*. (internal quotation marks and citation omitted). Thus:

> A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id*. at 1949 (internal quotation marks and citation omitted).

**III.   Analysis**

### A. Breach of Contract

Defendant argues that Plaintiff's Complaint fails to allege enough specific facts to state a claim because it "does not allege any facts regarding the who, what, where, when, or how of the alleged breach" and relies solely on the terms of the agreement and conclusory assertions. Defendant also asserts Plaintiff's Complaint does not state a plausible claim for relief when subjected to *Iqbal*'s scrutiny because it does not plainly and directly say exactly what Defendant did, does not indicate which of the eight proscribed actions Defendant violated, and does not disclose the information upon which it is based.

Under Michigan law, to establish a breach of contract, a plaintiff must establish the existence of a valid contract, breach of that contract, and damages. *In re Brown*, 342 F.3d 620, 628 (6th Cir. 2003). Here, Plaintiff alleges that Plaintiff and Defendant entered into the Reseller Agreement, a valid contract. Plaintiff quoted the relevant provisions in the Complaint and attached the Reseller Agreement as an exhibit to the Complaint. Plaintiff stated a specific breach of the Reseller Agreement by alleging that Defendant promoted, represented, distributed, installed, maintained, supported or otherwise marketed or serviced computer software for CA Technologies, which competes with or performs functions similar to Plaintiff's software–which is in direct violation of the Reseller Agreement's non-compete clause. Plaintiff stated the exact provision of the contract that Defendant violated as well as the company in competition with Plaintiff with whom Defendant violated the non-compete clause. Plaintiff states that as a result of Defendant's breach, Plaintiff suffered damages in the form of lost profits, lost business opportunities, and damaged goodwill.

Plaintiff has adequately alleged the elements of a breach of contract claim. Despite Defendant's argument that Plaintiff must specify exactly the prohibited action in which

Defendant engaged, this Court finds that Plaintiff's allegation that Defendant violated the non-compete clause when it "performed these actions in favor of software products developed by CA Technologies, a direct competitor of [Plaintiff]" is sufficient. These activities listed in the non-compete clause are not mutually exclusive. The list that Defendant "will not promote, represent, distribute, install, maintain, support or otherwise market or service . . ." describes actions that are meant to be taken as a whole to prevent Defendant from working with and generally furthering the business of a company in direct competition with Plaintiff. Plaintiff need not specify exactly which of the terms in the list applies most to Defendant's actions of furthering AC Technologies' business in violation of the Reseller Agreement. Plaintiff's allegation that Defendant violated a specific provision of the Reseller Agreement with a specific company contains enough facts and specificity to survive a 12(b)(6) motion.

Defendant further argues that Plaintiff's Complaint is inadequate because the parties have two agreements, only one of which contains a non-compete clause, and Plaintiff cannot bootstrap the non-compete clause in the Reseller Agreement into the ELA. This argument is frivolous, as there is no indication that Plaintiff is attempting to do this. Although the Complaint states that the parties also entered into the ELA as part of the factual background, the Complaint clearly indicates that the breach of contract is in reference to the Reseller Agreement. Plaintiff's Complaint references the exact language of the Reseller Agreement and quotes the non-compete clause, the Complaint contains a heading entitled "[Defendant]'s Breach of the Reseller Agreement," and Count 1 of the Complaint states, "[Defendant] has committed a material breach of the Reseller Agreement." It could not be more clear that Plaintiff is alleging that Defendant violated the

non-compete clause of the Reseller Agreement.

Plaintiff's Complaint contains "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949. Defendant's Motion to Dismiss Plaintiff's breach of contract claim is DENIED.

### B. Unfair Competition

Defendant argues the unfair competition claim should be dismissed because Plaintiff does not allege that there is a separate legal duty, outside the contracts, upon which Plaintiff may bring a tort claim. In order for a party to bring an action in tort, there must be a duty independent of any contract. *Haas v. Montgomery Ward & Co.*, 812 F.2d 1015, 1016 (6th Cir. 1987); *PHD Michigan v. Outfitters Assoc. of Am.*, No. 04-73964, 2006 WL 2042515, at *5 (E.D. Mich. July 20, 2006) (Edmunds, J.). The Michigan Supreme Court has held that "a tort action will not lie when based solely on the nonperformance of a contractual duty." *Fultz v. Union Commerce Assoc.*, 683 N.W.2d 587, 591 (Mich. 2004).

Michigan law applies unfair competition claims to "any conduct that is fraudulent or deceptive and tends to mislead the public." *ATCO Indus., Inc. v. Sentek Corp.*, 2003 WL 21582962, at *3 (Mich. Ct. App. July 10, 2003) (internal citations omitted). Unfair and unethical trade practices that are harmful to one's competitors or to the general public are prohibited. *Id.* The duty not to engage in fraudulent or deceptive conduct that will mislead the public is a duty that is separate and distinct from the contractual duties between the parties. *See Consol. Rail Corp. v. Grand Trunk W. Ry. Co.*, No. 09-10179, 2009 WL 3460334, at *10 (E.D. Mich. Oct. 22, 2009) (Edmunds, J.).

In the Complaint, Plaintiff alleges that Defendant's actions "are contrary to its appointment as a marketing representative of [Plaintiff] and are likely to cause confusion,

mistake, or deception as to the origin, sponsorship, or approval of [Defendant]'s services and commercial activities." Plaintiff does not allege, however, that Defendant has engaged in deceptive or fraudulent conduct. Rather, Plaintiff merely alleges that Defendant is furthering the business of AC Technologies, a competing software company, and that these actions are likely to mislead the public.

Plaintiff may not maintain a claim for unfair competition based solely on Defendant's breach of the Reseller Agreement. Because Plaintiff failed to allege that Defendant engaged in any deceptive or fraudulent conduct, Plaintiff has not based its claim on a duty that is independent from the contract between the parties. Defendant's motion to dismiss the claim for unfair competition is GRANTED.

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is DENIED in part and GRANTED in part.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 2, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 2, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager